USCA1 Opinion

 

 June 27, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1816 NICHOLAS A. PALMIGIANO, ET AL., Plaintiffs, Appellees, v. BRUCE SUNDLUN, ET AL., Defendants, Appellees.  __________ KEITH A. WERNER, Plaintiff, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Keith A. Werner on brief pro se. _______________ Alvin J. Bronstein, Mark J. Lopez, and National Prison Project of __________________ _____________ __________________________ the American Civil Liberties Union Foundation, on brief for appellees _____________________________________________ Nicholas A. Palmigiano, et al. Jeffrey B. Pine, Attorney General, Maureen G. Glynn, Special ________________ __________________ Assistant Attorney General, and Anthony A. Cipriano, Chief Legal _____________________ Counsel, Rhode Island Department of Corrections, on brief for appellees Bruce Sundlun and Rhode Island Department of Corrections. ____________________ ____________________ Per Curiam. In this long-standing class action ___________ involving prison conditions in Rhode Island, plaintiff Keith Werner (a non-named member of the class) appeals from an order denying his motion to be excluded from a settlement agreement recently adopted by the district court. The class was certified back in 1976 as one under Fed. R. Civ. P. 23(b)(2). As plaintiff himself concedes, there is no automatic right to opt-out of a Rule 23(b)(2) class. See, ___ e.g., Ticor Title Ins. Co. v. Brown, 114 S. Ct. 1359, 1361 ____ _____________________ _____ (1994). Even if the district court had discretion to permit a class member to opt-out in this context, see, e.g., ___ ____ Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994), the ________ _____ refusal to do so cannot be deemed error in a case, such as this, where only equitable relief has been sought. See ___ Palmigiano v. Garrahy, 443 F. Supp. 956, 959 (D.R.I. 1977) __________ _______ ("No damages are sought in this action."). And the concerns underlying plaintiff's request prove misplaced in any event. We decline to consider the various constitutional challenges advanced on appeal to the absence of an opt-out procedure in Rule 23(b)(2) proceedings, inasmuch as plaintiff failed to raise them below. For the same reason, we disregard his argument that the class should have been decertified or restructured at some point in the past. Assuming arguendo that plaintiff has standing to raise ________ the issue, we also reject his perfunctory suggestion that the district court abused its discretion in adopting the decree. Having reviewed the agreement in full, we find its provisions to be "fair, adequate, and reasonable." Durrett v. Housing _______ _______ Auth. of City of Providence, 896 F.2d 600, 604 (1st Cir. _____________________________ 1990); accord, e.g., Conservation Law Foundation v. Franklin, ______ ____ ___________________________ ________ 989 F.2d 54, 58-59 (1st Cir. 1993). We likewise find the other criteria enumerated in Durrett to have been fully _______ satisfied. The judgment is affirmed. Appellant's motion to ________________________________________________________ supplement his reply brief is denied. _____________________________________ -3-